IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUANE DONALD RANGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 2121 |
| SILVER CROSS HOSPITAL, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Duane Range ("Range") has utilized the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint, provided by this District Court's Clerk's office for use by persons in custody, to sue Silver Cross Hospital ("Silver Cross"), physicians' assistant Gayle Sheetz ("Sheetz") employed at the hospital and Lockport, Illinois Police Officers Hamilton and Ganger for asserted violations of Range's constitutional rights. Because an administrative error created some delay in the delivery of Range's Complaint and the accompanying Application To Proceed Without Prepayment of Fees ("Application") to this Court's chambers, it hastens to address the matter via this memorandum order.

This Court will put aside for the moment the question whether Silver Cross and Sheetz qualify as appropriate targets of a Section 1983 lawsuit, a question that can be addressed if, as and when Range obtains leave to go forward and those defendants raise the issue. But Officers Hamilton and Ganger are of course clearly "state actors" that come within the ambit of Section 1983, so this opinion turns to other issues posed by Range's pleading.

In that respect Range is a potential candidate for the special type of in forma pauperis treatment applicable to persons in custody under 28 U.S.C. § 1915 ("Section 1915"), which is called into play by his custodial status even though his present incarceration is not implicated in the gravamen of his Complaint. And that being the case, Range's Application is clearly defective because of its failure to include a printout of all transactions in his trust fund account at Western Illinois Correctional Center ("Western Illinois"), where he is now in custody, during the six-month period that ended March 15, 2014, as required by Section 1915(a)(2). Two points should be made in that respect:

1. This Court has selected the March 15 date even though Range's papers were not received in this District Court's Clerk's Office until March 24. That earlier date gives Range the benefit of the "mailbox rule" under Houston v. Lack, 487 U.S. 266 (1988).

2. If Range has not been incarcerated at Western Illinois for the entire six-month period, the trust fund printouts must come from all institutions where he was held during that time frame.

This opinion is limited to the threshold Section 1915 issue just discussed, for Range's Complaint is also entitled to the benefit of the rule that his allegations are accepted as true so long as they meet the "plausibility" requirement introduced by the Trombly-Iqbal canon. That is so despite Range's outrageous demands for $3 million in compensatory damages and $6 million in punitive damages.

Accordingly Range is ordered to provide the required trust fund account printout or printouts to this District Court (or alternatively to pay the $350 filing fee in advance) on or before May 5, 2014, failing which this action will be dismissed for want of prosecution. If

however Range satisfies one of those two alternatives in a timely manner, this Court will take such action as may be required to allow this action to go forward.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: April 14, 2014