# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DUANE DONALD RANGE,           )
                              )
       Plaintiff,          )
                              )
    v.                      )   Case No. 14 C 2121
                              )
SILVER CROSS HOSPITAL, et al., )
                              )
       Defendants.         )

## MEMORANDUM OPINION AND ORDER

Duane Range ("Range") has brought a pro se 42 U.S.C. § 1983 ("Section 1983") Complaint against Silver Cross Hospital ("Silver Cross"), its physicians' assistant Gail Sheetz ("Sheetz") and Lockport, Illinois police officers Hamilton and Ganger for asserted violations of Range's constitutional rights. Silver Cross has in turn moved for its dismissal from this action, arguing that Range's complaints are barred by the doctrine of res judicata.[1]

On October 6 this Court issued a memorandum order ("Order") that noted the literal inapplicability of claim preclusion as to Silver Cross because it had not been named as a defendant in Range's earlier lawsuit (12 C 7742) that this Court's colleague Robert Gettleman had dismissed on November 21, 2012. But having said that, the Order went on to state that Silver Cross could still seek to invoke such preclusion based on its assertedly being in privity with the defendants whom Range had targeted in that earlier action. Accordingly this Court called for Range to respond to Silver Cross' motion on or before October 24.

---

[1] This Court has long since rejected the portmanteau term "res judicata," employing instead the more precise terms "claim preclusion" or "issue preclusion" as called for by the case at issue. In this instance the question is one of claim preclusion, so this opinion will employ that term rather than the "res judicata" label chosen by Silver Cross' counsel.

All that Range did in response to the Order was to file a "letter" that opposed Silver Cross' dismissal, asking for a 180 day extension of time for a response but saying nothing about the merits of Silver Cross' contention. Because time will not make Silver Cross' unanswerable argument answerable, this opinion rejects Range's request and dispatches not only Silver Cross as a defendant but this action as well.

That earlier action by Range advanced the same contention of violations of his constitutional rights that forms the gravamen of his current lawsuit, though it targeted only Sheetz and the police officers named as co-defendants here. When Range failed to comply with Judge Gettleman's order that he either submit a motion to proceed in forma pauperis or pay the filing fee, Judge Gettleman dismissed the earlier action, a dismissal that operated as an adjudication on the merits under Fed. R. Civ. P. 41(b) -- and see also <u>Tartt v. Northwest Comty. Hosp.</u>, 453 F.3d 817, 822 (7th Cir. 2006), cited by Silver Cross' counsel and quoted in the Order as holding:

> Res judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were.

That then calls for the granting of Silver Cross' dismissal on claim preclusion grounds. Moreover, such cases as <u>Kratville v. Runyon</u>, 90 F.3d 195, 198 (7th Cir. 1996) (in turn citing earlier authorities) teach that this Court may also raise the issue of claim preclusion sua sponte as to all of the defendants who <u>were</u> named in the earlier action.

Nothing that Range might advance could change the thrust of his current allegations or their consequence. Hence Silver Cross' motion to dismiss (Dkt. 26) is granted, Range's request for continuance (Dkt. 31) is denied, Silver Cross' motion to strike Range's letter (Dkt. 32) is denied as well, and both Range's Complaint and this action are dismissed with prejudice.

Finally, both (1) Silver Cross' notice of the proposed presentment of its motion on November 7 and (2) the previously scheduled November 14 status hearing are stricken.

                                                                          Milton I. Shadur

Date:   November 4, 2014                     Senior United States District Judge