IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUANE DONALD RANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 2121 |
| ) | USCA No. 14-3683 |
| SILVER CROSS HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

Duane Range ("Range"), whose appeal from this Court's November 4, 2014 memorandum opinion and order dismissing his Complaint and action against Silver Cross Hospital ("Silver Cross") and other defendants is pending before our Court of Appeals, has filed an In Forma Pauperis Application ("Application") in connection with that appeal on January 12, 2015. Because pro se plaintiff-appellant Range mistakenly filed his motion for leave to appeal in the Court of Appeals, that court issued an order on the same day transferring the motion to the Clerk of this District Court for a ruling on the motion. This Court's review of Range's Application reveals that he has omitted an essential element that Congress has prescribed under 28 U.S.C. § 1915 ("Section 1915") for prisoner plaintiffs:[1] He has not accompanied the Application with the required certified copy of his prison trust fund account statement or statements for the six-month period immediately preceding the filing of the notice of appeal (that filing date was December 4, 2014) as required by Section 1915(a)(2), nor has he had the

---

[1] Range's Certificate of Service of the Application transmitted to the Court of Appeals reflects that he is in custody at the Western Illinois Correctional Center.

appropriate authorized officer at Western Illinois Correctional Center fill out the certificate in that respect at the foot of the Application form.

Those omissions are particularly puzzling. Not only does the Application form itself spell out the statutory requirement immediately below its signature line for the applicant (the description of that requirement is highlighted by what precedes it, "**NOTICE TO PRISONERS**" in boldface capitals), but this Court's October 6, 2014 memorandum order ("Order") that ultimately led to the dismissal now on appeal was based on claim preclusion stemming from the dismissal of an earlier action by Range (<u>Range v. Officer Hamilton, et al.</u>, 12 C 7742) by this Court's colleague Honorable Robert Gettleman "because Range had ignored a court order to pay the filing fee or to file a motion to proceed in forma pauperis" (Order at 2).

Range's shortfall in not providing the statutorily required information makes it impossible for this Court to make the calculation and determination called for by Section 1915(b)(1), and hence to determine definitively Range's entitlement to the special kind of in forma pauperis ("IFP") treatment that Congress has prescribed for prisoner plaintiffs. Although this Court anticipates that the provision of the missing information will confirm such entitlement on Range's part, he is ordered to obtain and provide the missing information on or before February 6, 2015. That action is necessary even though this Court believes that Range's action was and is subject to dismissal under Section 1915(e)(2)(B), for Range can tender that issue as well as his claimed entitlement to IFP treatment to the Court of Appeals if this Court denies such treatment (see Fed. R. App. P. 24).

_____
Milton I. Shadur
Date: January 22, 2015　　　　　　　　　Senior United States District Judge