# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DUANE DONALD RANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 2121 |
| ) | USCA No. 14-3683 |
| SILVER CROSS HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Duane Range ("Range"), whose appeal from this Court's November 4, 2014 memorandum opinion and order dismissing his Complaint and action against Silver Cross Hospital ("Silver Cross") and other defendants is pending before our Court of Appeals, filed an In Forma Pauperis Application ("Application") in connection with that appeal on January 12, 2015. Because pro se plaintiff-appellant Range mistakenly filed his motion for leave to appeal in the Court of Appeals, that court issued an order on the same day transferring the motion to the Clerk of this District Court for a ruling on the motion.

This Court promptly reviewed Range's Application and found that he had omitted two essential elements that Congress has prescribed under 28 U.S.C. § 1915 ("Section 1915") for prisoner plaintiffs: He did not accompany the Application with the required certified copy of his prison trust fund account statement or statements for the six-month period immediately preceding the filing of the notice of appeal (that filing date was December 4, 2014), as required by Section 1915(a)(2), nor did he have the appropriate authorized officer at Western Illinois Correctional Center fill out the certificate in that respect at the foot of the Application form.

Accordingly this Court issued a two-page memorandum order ("Order") on January 22 directing Range to obtain and provide the missing information on or before February 6.

Regrettably, even though Range acted with appropriate promptness in responding to the Order (the requested material was received in the District Court Clerk's Office on February 5), no copy of that material found its way to this Court's chambers as a result of an administrative glitch.[1] With that information now having been received by this Court, it turns out that its earlier assumption that Range would qualify for the special kind of in forma pauperis ("IFP") treatment that Congress has prescribed for prisoner plaintiffs was mistaken. In fact the average monthly deposits to his trust fund account during the six-month period made relevant by Section 1915(a)(2) were reported as exceeding $500 -- and more importantly, during the latter part of the period the balance in the account was far above that figure (indeed, almost always well in excess of $1,000),[2] with the certificate dated January 28 and signed by the institutional fiscal officer showing a balance of $1,639.45.

That being the case, the relevant history of Range's account at Western Illinois Correctional Center shows that it is adequate to pay the full appellate filing fees up front, so that Range's request for IFP status is denied. That issue can of course be tendered to the Court of Appeals for its review, just as the Court of Appeals is entitled to consider whether Range's action

---

[1] This Court has now taken steps that should eliminate any potential for repetition of what has occurred here.

[2] That situation was the result of two deposits of $1,500 each having been made to the account during the six-month period, with virtually all of the outlays from the account representing commissary charges.

is subject to dismissal under Section 1915(e)(2)(B) (a possibility mentioned at the end of the Order).

                                                              _____
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date:  March 3, 2015